IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BENJAMIN R.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:22-cv-00930-HL

**OPINION AND ORDER**

HALLMAN, United States Magistrate Judge:

    Plaintiff Benjamin R. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq*. For the following reasons, the decision of the Commissioner is AFFIRMED.

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

**BACKGROUND**

**I.      Plaintiff's Application**

Plaintiff alleges disability based on post-traumatic stress disorder ("PTSD"), anxiety, hypervigilance, high blood pressure ("HBP"), gastroesophageal reflux disease ("GERD"),

insomnia, sciatica, and degenerative disc disease of the lumbar spine. Tr. 202.² At the time of his alleged onset date, he was 49 years old. Tr. 76. He has completed high school. Tr. 590. He is unable to perform his past relevant work as a gate guard, security guard, and crew member infantry. Tr. 35, 590.

Plaintiff protectively applied for DIB on January 1, 2018, alleging an onset date of November 14, 2007. Tr. 76-77. His application was denied initially on March 22, 2018, and on reconsideration on May 7, 2018. Tr. 83-84, 94. Plaintiff subsequently requested a hearing, which was held on March 6, 2019, before Administrative Law Judge ("ALJ") John Sullivan. Tr. 42. Plaintiff appeared and testified at the hearing, *pro se*. Tr. 15, 42-67. A vocational expert ("VE"), Francene Geers, also testified. Tr. 60-61. On March 27, 2019, the ALJ issued a decision denying plaintiff's claim. Tr. 37. Plaintiff requested the Appeals Council to review ALJ Sullivan's decision, which was denied on August 2, 2019. Tr. 1-4. Plaintiff sought review in the District Court and, on September 18, 2020, the District Court issued an order remanding plaintiff's case, *inter alia*, to evaluate additional evidence from the Department of Veteran Affairs, regarding plaintiff's PTSD and secondary depression. Tr. 633. On October 8, 2020, the Appeals council remanded plaintiff's case to ALJ Sullivan to evaluate his claim in accordance with that order. Tr. 637-38. On July 27, 2021, another hearing was held before ALJ Sullivan, and plaintiff appeared and testified at the hearing, represented by counsel. Tr. 600-617. On August 10, 2021, ALJ Sullivan issued a decision denying plaintiff's claim. Tr. 592. On April 4, 2022, the Appeals Council denied plaintiff's request for review. Tr. 569-574. Plaintiff then sought review before this Court.³

---

² Citations to "Tr." are to the Administrative Record. (ECF 10).

³ The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 6).

PAGE 3 – OPINION AND ORDER

## II. Sequential Disability Process and DAA Analysis

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant

can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

Where alcohol or drug abuse are implicated in a disability proceeding, the ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. *Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir.2001). If the ALJ finds the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the Drug and Alcohol Abuse Analysis ("DAA analysis") under 20 C.F.R. §§ 404.1535 or 416.935. *Id.*

On the other hand, if the ALJ finds the claimant is disabled and there is medical evidence of the claimant's drug addiction or alcoholism, then the ALJ should then determine if the claimant would still be found disabled if the claimant stopped using alcohol or drugs. *Id.* If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied. *Parra v. Astrue,* 481 F.3d 742, 747–48 (9th Cir. 2007). At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

### III.     The ALJ's Decision

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity after his alleged onset date. Tr. 586.

At step two, the ALJ determined that plaintiff has the following severe impairments: "PTSD and major depressive disorder." *Id.*

At step three, because alcohol and drug abuse were implicated in this disability proceeding, the ALJ first conducted the five-step inquiry without separating out the impact of alcoholism or drug addiction. The ALJ determined that including plaintiff's substance use, plaintiff's impairments met or medically equaled the severity of a listed impairment. Tr. 587-88. The ALJ then stopped the five-step inquiry and proceeded with the DAA analysis to determine if alcohol and drug abuse was a contributing factor material to the determination of disability. Tr. 588. The ALJ found that if the claimant stopped their substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities and therefore, the plaintiff would have a severe impairment or combination of impairments. *Id.* However, the ALJ ultimately found that if plaintiff stopped his substance abuse, he would not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id.*

The ALJ then resolved that if the plaintiff stopped their substance abuse, they would have the residual function capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> He can understand, remember, and carry out simple, routine tasks involving simple work-related decisions and reasoning level of 2 or less. He can tolerate occasional interaction with supervisors, coworkers, or the public. He would be off-task up to 5% of the workday or otherwise absent at least 1 day per month.

Tr. 590.

PAGE 6 – OPINION AND ORDER

At step four, the ALJ found that plaintiff could not perform his past relevant work. *Id.*

But at step five—considering plaintiff's age, education, work experience, and RFC—the ALJ found that a significant number of jobs existed in the national economy that plaintiff could perform if he stopped the substance use, including work as a janitor, automobile detailer, or hand packager. Tr. 591. Thus, the ALJ concluded that plaintiff is not disabled if he stopped the substance use, and that because the substance use disorder is a contributing factor material to the determination of disability, plaintiff is not disabled. *Id.*

## DISCUSSION

Plaintiff's single assignment of error is that the ALJ analyzed the impact of plaintiff's alcohol abuse before determining whether plaintiff is disabled. Pl.'s Opening Br. 7. More specifically, plaintiff contends that at step three, the ALJ found plaintiff's impairments including his alcohol abuse met listing 12.04 in 20 C.F.R. Part 404, Subpart P, Appendix 1, but the ALJ did not make a disability finding. *Id.* Plaintiff further argues that therefore when the ALJ proceeded directly to the DAA analysis, that was in error given that there was no finding of disability. Tr. 587-88, Pl.'s Opening Br. 8. Plaintiff asserts that meeting the requirements of a listing is not synonymous with a finding of disability in this instance because the ALJ did not determine that plaintiff met the duration requirement as required by 20 C.F.R. § 404.1520(d); *see also* 20 C.F.R. § 404.1520(a)(4)(iii). Pl.'s Reply Br. 2.

The Commissioner argues that plaintiff's argument is mistaken because a finding that a claimant's impairments satisfy the requirements of a listing is synonymous with a finding of disability. Def.'s Resp. Br. 2 (citing 20 C.F.R. 404.1520(d)). The Commissioner asserts that when analyzing plaintiff's impairments without separating the effects of substance abuse, the ALJ correctly did not proceed to steps four and five because plaintiff was found disabled at step

three. Def.'s Resp. Br. 3. Therefore, the five-step inquiry ended there and that is where the DAA analysis began. *Id.* The Commissioner further argues that any procedural error in this case was harmless. *Id*. at 3-4.

Having carefully considered the parties arguments, this Court agrees with the Commissioner and AFFIRMS the ALJ's decision.

I.      **Legal standards.**

If at any point during the five-step analysis a claimant is found to be disabled and there is medical evidence of drug and alcohol abuse, then the Commissioner must consider whether the claimant's substance abuse is a contributing factor material to the determination of disability. *Ingram v. Barnhart*, 72 F. App'x 631, 634 (9th Cir. 2003). "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the claimant would still be disabled if they stopped using drugs or alcohol. 20 C.F.R. § 416.935(b)(1). The ALJ must evaluate which of plaintiff's current physical and mental limitations would remain if plaintiff stopped using drugs and alcohol, and then determine whether any or all of plaintiff's remaining limitations would be disabling. *Id.*[4]

---

[4] The purpose of the Contract with America Advancement Act (CAAA), which precludes social security disability benefits if alcoholism or drug addiction is contributing factor to the disability determination, is to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy. 42 U.S.C.A. § 423(d)(2)(C)("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.").

PAGE 8 – OPINION AND ORDER

Regarding the procedure of the DAA Analysis, the implementing regulations make clear that a finding of disability is a condition precedent to conducting the DAA analysis. 42 U.S.C. § 423(d)(2)(C), 20 C.F.R. § 416.935(a). In other words, the ALJ cannot begin to apply the DAA analysis properly when he has not yet made a finding of disability. 42 U.S.C. § 423(d)(2)(C). The ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. *Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). In *Bustamante* the court held that an ALJ errs by determining that a claimant's mental impairments are "the product and consequence of his alcohol abuse" before deciding that the claimant is disabled under the five-step analysis. *Id.* The DAA analysis is necessary only if the ALJ finds Plaintiff disabled. *See White v. Colvin*, 585 Fed. Appx. 425, 426 n. 2 (9th Cir. 2014).

In short, "*Bustamante* requires a two-step process." *Hoban v. Colvin*, No. 3:15-CV-01786-HZ, 2016 WL 4059200, at *3 (D. Or. July 27, 2016). If the ALJ first finds that the claimant is disabled and substance abuse is a material factor in the disability claim, only then should the ALJ proceed to the DAA analysis to make a determination as to whether the claimant would still be found disabled if they stopped their substance abuse. 20 C.F.R. § 416.935(b)(1). If so, then the substance abuse is not a contributing factor material to the finding of disability. *Id.* § 416.935(b)(2)(ii). If, however, the claimant's impairments would not be disabling if they stopped their substance abuse, then the substance abuse is a contributing factor material to the finding of disability. *Id.* § 416.935(b)(2)(i).

## II.     Application.

Consistent with *Bustamante*, the ALJ first conducted the five-step inquiry without separating out the impact of drug and alcohol abuse. Tr. 586-88. At step three, the ALJ determined that including plaintiff's substance use, the severity of the plaintiff's impairments

met the criteria of section 12.15 (trauma- and stressor-related disorders). Tr. 587 ("*Including the claimant's substance use*, the severity of the claimant's impairments met the criteria of section 12.04."). The ALJ found that both the "paragraph a" and "paragraph b" criteria were satisfied. *Id*. Regarding the duration requirement, *see* 20 C.F.R. § 404.1520(a)(4)(ii), the ALJ did not make an express finding regarding duration, but he addressed that VA records during the period under review indicate that plaintiff's post-combat PTSD symptoms were "100 percent disabling effective January 16, 2008." Tr. 587-88 (citing Tr. 1432).

The ALJ then performed the first part of the DAA analysis and found that plaintiff's PTSD and secondary depression were severe impairments without regard to his alcohol abuse. Tr. 589. The ALJ utilized the DAA analysis and determined that the severity of plaintiff's mental impairments did not meet or medically equal the criteria of listing 12.04 in 20 C.F.R. Part 404, Subpart P, Appendix 1 if plaintiff stopped his substance abuse. Tr. 588 ("*If the claimant stopped the substance use*, the remaining limitations…). The ALJ proceeded with the five-step analysis, concluding that Plaintiff's limitations would not be disabling if he stopped his substance abuse.  Tr. 588 (*If the claimant stopped the substance use*, the claimant would not have an impairment…"); Tr. 590 (*[I]f the claimant stopped the substance use,* the claimant has had the residual functional capacity. . . ).

This decision substantially complied with *Bustamante's* requirement that the ALJ first find the claimant disabled before proceeding with the DAA analysis.  To be sure, the ALJ did not expressly state that "the claimant's impairments, including substance abuse, are disabling" and he did not make an express finding regarding the duration requirement.  However, even when an ALJ fails to use the "magic words," this Court must still draw specific and legitimate inferences from the ALJ's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).  In

PAGE 10 – OPINION AND ORDER

this case, the finding that a plaintiff's impairments satisfied the requirements of a listing is synonymous with a finding of disability, *see* 20 C.F.R. 404.1520(d), and there is nothing in the record that would suggest that plaintiff did not meet the duration requirement. The only plausible reading of the ALJ's opinion is that he found the claimant disabled at step three, when considering his substance abuse, and then proceeded with the DAA analysis.[5] The ALJ had no basis to proceed with steps four and five of his analysis because the finding at step three showed that plaintiff was disabled when considering his substance use disorder in combination with his other impairments. *See* 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

In sum, while the ALJ's decision could have been clearer, he did not commit reversable error because substantially complied with *Bustamante's* two-step requirement and he did not conflate the initial disability analysis with the DAA analysis. *See Hoban*, No. 2016 WL 4059200, at *5 (affirming where "the ALJ substantially complied with *Bustamante's* requirements and considered [the] [p]laintiff's impairments and functional limitations both with and without her alcoholism."); *Norman K. v. Kijakazi,* No. 6:21-CV-00518-SB, 2022 WL 16694734, at *6 (D. Or. Nov. 3, 2022) (remanding where there was no initial step-five determination of disability in part because the ALJ conflated the initial disability analysis with the DAA analysis).[6] Accordingly, this Court concludes that the ALJ did not err in conducing the DAA analysis.

---

[5] Indeed, the ALJ's statement of applicable law specifically sets forth the procedure he followed in making this determination. Tr. 586 (*If it is found that the claimant is disabled* and there is medical evidence of a substance use disorder(s), the undersigned must determine if the substance use disorder(s) is a contributing factor material to the determination of disability) (emphasis added).

[6] This Court has carefully reviewed *Stephanie M. v. Saul*, No. 20-CV-01711-MMA-BGS, 2022 WL 1037112, at *8 (S.D. Cal. Apr. 6, 2022), *report and recommendation adopted Stephanie M. v. Kijakazi*, No. 20-CV-1711-MMA (BGS), 2022 WL 1214708 (S.D. Cal. Apr. 25, 2022), which reversed the ALJ's decision in a factually indistinguishable case. The Court in *Stephanie M*.

### III.    Harmless error.

Even if this Court were to conclude that the ALJ's failure to explicitly state that plaintiff was disabled at step three was error, any error was harmless. "Even when the ALJ commits legal error, [courts] uphold the decision where that error is harmless, meaning that it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations and quotations omitted).

In *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007), the Ninth Circuit addressed whether "the ALJ erred by failing to conduct the full [initial] five-step analysis ... before conducting the DAA Analysis." *Id*. at 747.  The Court explained that any error was harmless because although the ALJ's decision did "not explicitly label [the claimants condition] as disabling, the ALJ gave [the claimant] the benefit of the doubt: the DAA Analysis assumed that [the condition] was disabling and focused correctly upon whether abstinence would have cured this disability." *Id*.; *cf. Brock v. Berryhill*, 707 F. App'x 459, 461 (9th Cir. 2017) (concluding that multiple errors, including failure to follow the two-step process, were not harmless because the court could not say that they were inconsequential to the ultimate disability determination); *but see Norman K.,* 2022 WL 16694734, at *4 (discussing unreported Ninth Circuit and district court cases that call into question the applicability of the harmless error analysis when the ALJ fails to conduct the two-step inquiry).

---

concluded that "the ALJ did not make a disability finding as required by SSA regulations, nor [determine] that plaintiff met the duration requirement. Instead, the ALJ proceeded directly to the DAA Analysis." *Id*. at *8.  This Court declines to follow *Stephanie M.* because the decision, though well-reasoned, does not account for the specific and legitimate inferences that must be drawn from the ALJ's step-three finding.

PAGE 12 – OPINION AND ORDER

Here, the harmless error analysis mirrors that in *Parra*: the ALJ may not have explicitly stated that plaintiff was disabled at step three, but he clearly gave plaintiff the "benefit of the doubt," assuming that Plaintiff was disabled while focusing on whether he would be disabled without consideration of his substance abuse. Indeed, even plaintiff refers to the ALJ's error in this case as "procedural." Pl.'s Opening Br. 4 n. 2; 8 (asserting that the ALJ's "failure to follow the procedural requirements of 20 C.F.R. § 404.1535 is remandable error.").[7] The ALJ's failure to explicitly make a disability finding was was inconsequential to the ALJ's ultimate decision, and a remand to require the ALJ to insert that specific phrase in his opinion would serve no purpose. Accordingly, the ALJ's error, if any, was harmless.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 18th day of July, 2023.

ANDREW HALLMAN
United States Magistrate Judge

---

[7] In his reply, plaintiff asserts that the ALJ's error was "particularly harmful" because he never determined that plaintiff's alcoholism was a severe impairment. Pl. Reply Br. 4. Yet plaintiff did not assign error to the ALJ's determination regarding alcoholism at step two, and his arguments before this Court focus exclusively on the ALJ's alleged procedural failure. Accordingly, this Court declines to consider plaintiff's arguments concerning the ALJ's step two analysis when considering harmless error.